**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**STEVEN J. BELL et al.,**

        **Plaintiffs,**

   v.                                                            Case No. 11-MISC-3
                                                                                (W.D. Mo. No. 4:10-CV-00286)

**LOUISE M. RYSSMANN et al.,**

        **Defendants.**

**and**

**TIME INSURANCE COMPANY,**

        **Third-Party Movant.**

---

## DECISION AND ORDER

---

On January 7, 2011, the Third-Party Movant, Time Insurance Company ("Time") commenced this miscellaneous matter by filing a motion to quash and for protective order regarding two subpoenas bearing this District's caption (the "Wisconsin subpoenas"). Time contends that the subpoenas do not allow a reasonable time to comply; inappropriately identify the location for the depositions as Time's place of business; and, are defective because they do not state the court in which the action is pending, the complete title of the action identifying all litigants named in the lawsuit, the method of recording the testimony, and do not include the issuing officer's address and telephone number.

Time states that the subpoenas should be quashed, or alternatively limited to preclude Time from having to produce patient health care records of Plaintiff Steven Bell ("Bell") without his written authorization. Time also asserts that the topics on which Defendant Louise M. Ryssmann ("Ryssmann") wants testimony will require someone to offer unretained expert opinion or opinion that does not describe specific occurrences in dispute in violation of Fed. R. Civ. P. 45(c)(3)(B)(ii).

On January 27, 2011, Time filed a "Rule 7.4" expedited non-dispositive motion for a protective order and sanctions, stating that in response to its filing of the instant miscellaneous action, Ryssmann simply filed another subpoena – her third – on Time. Time states that the latest subpoena issued out of the United States District Court for the Western District of Missouri (the "Missouri subpoena") also has numerous defects that Time goes on to list. Time requests an order preventing Ryssmann and her attorney from pursuing against Time any compelled attendance at a deposition or commanded production until the issues raised by Ryssmann regarding the Wisconsin subpoenas have been addressed; preventing Ryssmann from seeking to command Time's attendance at a deposition more than 100 miles from Time's principal place of business in Milwaukee, Wisconsin; granting the relief requested in Time's motion to quash and for protective order, and enforcing the duties of Rule 45 by awarding sanctions, including Time's attorney's fees, against Ryssmann and her attorney.

On February 8, 2011, Time filed a letter with the Court that referenced a letter from Ryssmann indicating that the subpoenas had been withdrawn. (Ryssmann's letter had not been filed with the Court as of that date.) Time indicated that presumably the Wisconsin subpoenas had been withdrawn. Time also stated that it was not withdrawing its motions which address the appropriate location for any deposition of Time, as well as seeking relief and sanctions under Rule 45.

On February 9, 2011, the letter from Ryssmann that Time referenced in its February 8, letter, was filed. The letter states "as a result of the objections by Time . . . to the subpoena, the notice for the deposition and the subpoena were withdrawn."

Although not entirely clear from Ryssmann's letter, she has apparently withdrawn the Wisconsin subpoenas. Therefore, Time's motion to quash is moot and is denied on that ground. The expedited non-dispositive motion, which is properly referred to as a Civil Local Rule 7(h) motion,[1] seeks a protective order and the relief sought by Time's original motion. However, it does not cite any federal rule of civil procedure other than Rule 45.

Rule 26(c) provides that " . . . any person from whom discovery is sought may move for a protective order in the court where the action is pending or – as an alternative on matters relating to a deposition, in the district where the deposition will be taken." Since this Court is neither the court where the action is pending nor the court where the deposition will

---

[1] An expedited non-dispositive motion has been authorized by Civil Local Rule 7(h) under this District's amended local rules of January 26, 2010, effective on February 1, 2010. The rules were subsequently amended, however, no change was made with respect to the expedited non-dispositive motion practice.

be taken, Rule 26(c) does not authorize the issuance of a protective order. Additionally, the authority to quash or modify the Missouri subpoena is that of the issuing court. *See* Fed. R. Civ. P. 45(c)(3). *See also In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (stating that subpoenas are the process of the issuing court, and nothing in the Rules even hints that any other court may be given the power to quash or enforce them.) Any sanctions under Rule 45 would also be afforded to Time by the issuing court. *See* Fed. R. Civ. P. 45(c).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Time's motion to quash and for a protective order is **DENIED**;

Time's expedited non-dispositive motion for a protective order and sanctions is **DENIED**; and

This miscellaneous action is **TERMINATED**.

Dated at Milwaukee, Wisconsin this 11th day of February, 2011.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**